DISCIPLINARY PROCEEDINGS
PER CURIAM.*
On March 4,1996, respondent, John Henry Hammel, III, an attorney licensed to practice law in the State of Louisiana, was charged by the Office of Disciplinary Counsel (“ODC”) with one count of formal charges. The charges alleged that respondent was convicted of a criminal offense which constitutes serious criminal conduct in violation of Rule 8.4(b) of the Rules of Professional Conduct, and which adversely reflected upon his fitness to practice law under La.S.Ct. Rule XIX, § 19 B.
A review of the underlying facts indicate that on January 25, 1996, respondent was charged by bill of information with one count of molestation of a juvenile and one count of aggravated oral sexual battery upon a juvenile in violation of La.R.S. 14:81.2 and 14:43.4. Both offenses involved a ten year old child and were alleged to have taken place at respondent’s law office.
Respondent pleaded guilty as charged, and was sentenced to ten years imprisonment at hard labor, suspended, conditioned upon five years supervised probation with special conditions.
Subsequently, respondent and the ODC filed a joint motion for interim suspension in this court. On February 16, 1996, this court ordered respondent be suspended from the practice of law on a interim basis and ordered the ODC to institute appropriate disciplinary proceedings. In re: Hammel, 96-0385 (La. 2/16/96), 667 So.2d 1042.
On March 16, 1996, the ODC filed one count of formal charges against respondent. Respondent did not answer or appear at the formal hearing, and the charges were deemed admitted. Thereafter, the hearing committee filed its findings and recommendation. It found respondent had not offered any evidence in mitigation. As aggravating factors, it found that respondent, who was admitted to practice in 1961, had substantial experience practicing law, and his crime involved a vulnerable victim. It concluded these factors, combined with the fact that respondent’s law office was used as the location for the offense, justified the imposition of the sanction of disbarment.
The disciplinary board agreed with the findings and recommendation of the hearing committee, noting that the underlying facts to which respondent pleaded guilty established beyond any doubt that he is morally unfit to practice law. Therefore, the disciplinary board recommended that respondent be disbarred and that this court “exercise extraordinary scrutiny over any application respondent may subsequently file for readmission.”
Neither respondent nor the ODC have filed objections to the disciplinary board’s recommendation.
Upon review of the recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be accepted.
*970 Accordingly, it is ordered that the name of John Henry Hammel, III be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs of these proceedings are assessed to respondent.

 Knoll, J. not on panel. Rule IV, Part 2, § 3.